RAGAN
v.
LOWER.

---

RAGAN and Another *v.* LOWER and Others.

*A.* mortgaged to the commissioners of the *Sinking Fund*, an 80 acre and a
70 acre tract of land, to secure a loan, and afterwards deeded the 80 acre
tract to *B.* Afterwards, the following arrangement was made between
*A.*, *B.*, and the commissioners: The latter agreed that if *B.* would pay
20 dollars on the mortgage, and execute a mortgage for 80 dollars on the
80 acre tract, the sum of 100 dollars should be credited on *A.'s* mortgage,
and the 80 acre tract should be released from it. *B.* did so; and *A.*
thereupon credited the amount of 100 dollars on the purchase-money.
The commissioners, by carelessness, omitted to release the 80 acre tract
from *A.'s* mortgage, and afterwards sold both tracts, for the non-payment
of interest by *A.* on his mortgage, to one *F.*, who afterwards sold the
same to the son and agent of *A.* *B.* having conveyed said 80 acre tract to
*C.*, and *C.* to *D.*, the latter filed his bill to compel *A.'s* son to relinquish to
him said 80 acre tract. *A.*, and his said son, and *C.* and the commissioners

Nov. Term,
1851.

RAGAN
v.
LOWER.

were made defendants. The commissioners filed a cross-bill, offering to pay back the amount received at the sale, and praying that the sale might be set aside, &c. The Circuit Court decreed that *A*.'s son should convey the 80 acre tract to *D*. and the 70 acre tract to *A*. *Held*, that so much of the decree as required the conveyance of the 80 acre tract by the son to *D*., was right; but that the part of the decree requiring the son to convey to *A*. the 70 acre tract, was wrong—*A*. having not asked that it should be done, and no rights of third persons appearing to have intervened. *Held*, also, that *B*. and *C*. were not necessary parties to the suit.

Saturday,
December 20.

ERROR to the *Hendricks* Circuit Court.

PERKINS, J.—*Andrew T. Lower* brought his bill in chancery against *Zachariah S. Ragan, Robert Ragan, John J. Owsley,* and the commissioners of the sinking fund of *Indiana,* setting forth that *Robert Ragan,* on the 4th day of *January,* 1836, mortgaged to said commissioners, by one conveyance, an 80 acre and a 70 acre tract of land, situate in *Hendricks* county, to secure the payment, in five years, of 200 dollars, with annual interest; that on the 14th of *December,* 1838, said *Ragan* deeded the 80 acre tract, for the consideration of 300 dollars, to *Samuel Carbaugh,* which deed was recorded *January* 17, 1839; that afterwards, and before *February* 17th, 1841, the following arrangement was made between said *Carbaugh, Ragan,* and the sinking fund commissioners, to-wit: that *Carbaugh* should pay the sinking fund commissioners 20 dollars; should execute to them a mortgage on the 80 acre tract of land, purchased of said *Ragan,* for 80 dollars; that these two sums, (the 20 and the 80 dollars, making 100 dollars,) should be credited on the mortgage of *Ragan* for 200 dollars on the 80 acre and the 70 acre tracts, to said commissioners; that thereupon said 80 acre tract should be released from the operation of said 200 dollar mortgage, and 100 dollars be credited by *Robert Ragan* to said *Carbaugh* on the purchase-money of said 80 acre tract; that in pursuance of said arrangement, the 20 dollars was paid, the mortgage for 80 dollars was executed by *Carbaugh* to the commissioners, the credit of 100 dollars was given by them on the *Ragan* mortgage, and *Carbaugh* was credited with the 100 dollars by *Ragan,*

but the commissioners, by carelessness, neglected to enter the release of *Carbaugh's* 80 acre tract from the operation of *Ragan's* prior mortgage to said commissioners; that, afterwards, on the 25th of *September*, 1841, *Carbaugh* sold and conveyed said 80 acre tract, subject to the mortgage executed by him to the sinking fund commissioners on the same, to one *English Stevens;* and that said *Stevens*, on the 25th of *April*, 1842, sold and conveyed the same to the plaintiff in this bill, *Andrew T. Lower*, subject to said last-mentioned mortgage, and on which mortgage *Lower* had since regularly paid the interest to the sinking fund commissioners.   The bill further alleges that *Ragan* neglected to pay the interest on the remaining 100 dollars of his mortgage upon both tracts of land, whereby said mortgage became forfeited, and the commissioners, forgetting that they had agreed to release the 80 acre tract, sold both of said tracts, the 80 acre and the 70 acre, to *John J. Owsley*, for the balance due on said *Ragan* mortgage; that *Owsley* subsequently conveyed the whole of the land to *Zachariah S. Ragan*, the son, and agent in the business, of said *Robert Ragan*, the original mortgagor; that said *Zachariah* now claims to hold the whole of said land, as against his father, and all others, whereby said *Lower* will lose his 80 acre tract, and the sinking fund commissioners the 80 dollars which they credited on said original mortgage from *Ragan* on receiving the mortgage on the 80 acre tract from *Carbaugh*.

The bill prays that *Zachariah S. Ragan* may be compelled to relinquish to the plaintiff, *Lower*, his said 80 acre tract of land.

The two *Ragans*, *Owsley*, and the sinking fund commissioners answered.   *Carbaugh* and *Stevens* are not made parties to the suit.   The said commissioners made their answer a cross-bill, offered to pay back the amount received at the sale by them, and prayed that said sale might be set aside and all things placed as they were before it took place.   Depositions were taken, the cause submitted to the Court, and a somewhat lengthy de-

Nov. Term, 1851.

RAGAN
v.
LOWER.

Nov. Term, 1851.

RAGAN
v.
LOWER.

cree made, which it will not be necessary to set out at length.

*Owsley* having relinquished the title obtained by him at the commissioners' sale, to *Zachariah S. Ragan*, who, the case shows, was the agent of *Robert Ragan*, and possessed of knowledge of all the facts and equities of the case when he took the title from *Owsley*, the case stands, substantially, as it would, had *Robert Ragan* been the purchaser, instead of *Owsley*, at the commissioners' sale. Had said *Robert* been the purchaser at said sale, the merits of this case would have been easily determined. Having previously conveyed the 80 acre tract, which had passed by mesne conveyances to *Lower*, and being bound to pay the prior mortgage incumbering said 80 acre and said 70 acre tracts, his purchase at the mortgage-sale would have been but a mode of satisfying said mortgage, and the title obtained thereby, as to the 80 acre tract, would have inured to the benefit of *Lower*, and as to the 70 acre tract, it would have perfected the title in himself; and no legal proceedings would have been necessary on the part of *Lower*. But, in the case, as it stands, the title being held by *Zachariah S. Ragan*, agent of *Robert*, it was proper to decree a conveyance, from him to *Lower*, of the 80 acre tract, and that the same should be held by *Lower* subject to the mortgage by *Carbaugh*, which he had assumed, to the sinking fund commissioners. But as to the 70 acre tract, as *Robert Ragan* had not asked that the title to it should be conveyed from his agent to him, and as no rights of third persons, so far as appears, required such conveyance, we think it should have been left undisturbed. We think that part of the decree requiring *Z. S. Ragan* to convey to *Lower* his 80 acres, and that *Lower* should hold the same subject to the 80 dollar mortgage of *Carbaugh*, should be affirmed, with costs; but that the balance of the decree should be reversed.

We do not think it was material that *Carbaugh* and *Stevens* should be made parties to this bill.

*Per Curiam.*—That part of the decree requiring *Zacha-*

*riah S. Ragan* to convey to *Lower* said 80 acre tract of land, subject to said mortgage of *Carbaugh*, is affirmed, with costs. The residue is reversed.

*C. C. Nave*, for the plaintiffs.

*J. Morrison* and *S. Major*, for the defendants.